UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GREENSPOON MARDER, P.A., ET AL.                CIVIL ACTION

VERSUS                                          NO. 13-5509

ANDRY LAW FIRM, LLC, ET AL.                    SECTION: "F"

ORDER & REASONS

Before the Court is the defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is DENIED.

Background

This case involves the alleged breach of a fee-sharing agreement between two attorneys in different firms. The plaintiffs allege the following facts in their complaint:

On August 16, 2009, Nell L. Fink sustained catastrophic injuries when she tripped and hit her head on the jetway while attempting to board a Southwest Airlines flight from New Orleans to Los Angeles. After the accident, Fink retained Jeffrey C. Fox, an attorney who practices in Florida with the law firm of Greenspoon Marder, P.A., to represent her. Because he is not licensed to practice law in Louisiana, Fox sought local counsel in New Orleans, and eventually contacted Gibby Andry with The Andry Law Firm, LLC. Andry agreed to act as cocounsel in Fink's case.

On August 2, 2010, Fink's daughter, Diane Schnauder, acting on behalf of Fink through a power of attorney, executed an

-1-

"Attorney/Client Contract," in which she agreed to joint representation by Fox and Andry. Fox and Andry also signed the contract. The contract provided for one 40% contingency fee, plus costs and expenses. The contract did not, however, indicate how the two attorneys would split that fee. Nonetheless, the plaintiffs allege that Fox and Andry agreed to split the contingency fee 50/50, with each entitled to reimbursement of his own costs and expenses. On August 3, 2010, Fox sent a letter to Fink, the client, in which he described the fee-sharing agreement, advising that "only one attorney's fee will be charged," which "will be divided equally."

On August 6, 2010, Andry filed a complaint for Fink in Civil District Court for the Parish of Orleans, against the City of New Orleans d/b/a Louis Armstrong New Orleans International Airport and Southwest Airlines Company. Fox did not enroll as counsel of record on the case. The plaintiffs allege that Andry agreed to copy Fox on all pleadings and correspondence so that Fox would not need to seek admission pro hac vice.

However, the plaintiffs then allege that Andry failed to keep Fox informed regarding the progress of the litigation. The plaintiffs further allege that when the case settled, Andry not only failed to inform Fox, but also withheld Fox's share of the attorney's fee plus his costs and expenses. Fox only learned of the settlement by discovering that on March 1, 2012, Andry had

joined in a motion and order dismissing Fink's claims with prejudice, "on the grounds that the parties have amicably resolved their differences." The plaintiffs specifically allege that Andry's actions breached the terms of both the Attorney/Client Contract and the apparently oral fee-sharing agreement.

On August 20, 2013, Fox and Greenspoon Marder filed a Complaint for Breach of Contract against Andry and The Andry Law Firm in this Court based on diversity jurisdiction. In their complaint, the plaintiffs state the allegations described above, and also specifically allege that "Greenspoon Marder, P.A., acting through Jeffrey C. Fox and others, diligently investigated Ms. Nell L. Fink's August 16, 2009 accident and resulting injuries and diligently pursued her claims against the City of New Orleans d/b/a Louis Armstrong New Orleans International Airport and Southwest Airlines Company." The original complaint includes claims of breach of contract, or alternatively, of a joint venture or quantum meruit. Attached to the original complaint are two exhibits: Exhibit A, a copy of the Attorney/Client Contract; and Exhibit B, a copy of the Joint Motion and Order of Dismissal in the Fink case. On September 3, 2013, the plaintiffs filed an amended complaint, naming "Gibby Andry, the Andry Law Firm, LLC" as an additional defendant, and adding claims of negligence, intentional torts, and open account. The defendants now move to dismiss the plaintiffs' claims under Rule 12(b)(6).

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider

documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

## II. Discussion

### A. Breach of Contract Claims

The defendants first contend the plaintiffs fail to state a claim for breach of contract. The defendants argue that the Attorney/Client Contract contains no provision regarding fee-splitting, and that any such arrangement would be impermissible under Rule 1.5 of the Louisiana Rules of Professional Conduct. The Court disagrees.

In their complaint, the plaintiffs properly allege that the parties agreed to jointly represent Fink, and to split the 40% contingency fee equally plus reimbursement for each attorney's own costs and expenses. The plaintiffs properly allege the defendants breached these agreements by failing to turn over Fox's portion of the fee plus his costs and expenses after the Fink case settled.

Importantly, the plaintiffs claim breaches of both the Attorney/Client Contract, and a separate fee-splitting agreement. Accordingly, the defendants' contention that the Attorney/Client Contract contains no fee-splitting provision fails. Moreover, the Attorney/Client Contract explicitly provides that Fox and Andry would jointly represent Fink, but would charge her only one 40% contingency fee.

Additionally, despite the defendants' contention to the contrary, the plaintiffs have not alleged conduct violating Rule 1.5. Rule 1.5(e)(1) provides: "A division of fee between lawyers who are not in the same firm may be made only if the client agrees in writing to the representation by all of the lawyers involved, and is advised in writing as to the share of the fee that each lawyer will receive." The plaintiffs allege full compliance with this Rule. The complaint explicitly states that Fink agreed to the joint representation in the Attorney/Client Contract, and that Fox then advised Fink that the attorney's fee would be "divided equally" in a letter. The plaintiffs clearly allege sufficient factual matter to state plausible claims for breach of contract. The defendants are therefore not entitled to dismissal of those claims.

### B.  *Joint Venture/Quantum Meruit Claims*

The defendants next contend the plaintiffs fail to state claims under the joint venture and quantum meruit theories. The

defendants contend there was no joint venture because the plaintiffs do not claim they were actively involved in the Fink case and remained responsible to the client, and that there is no basis for recovery under quantum meruit because the plaintiffs do not allege they performed any substantive work on the case.  The Court rejects these contentions.

The Louisiana courts have used both the theories of a joint venture and quantum meruit to resolve fee-sharing disputes between two attorneys.  See, e.g., Dukes v. Matheny, 878 So. 2d 517, 520 (La. App. 1 Cir. 2004).  Where the attorneys were jointly involved in the representation of a client, the courts will divide the fee equally.  Id.  The finding of a joint involvement requires "that neither attorney has been discharged and that both were actively involved in the case and remained responsible to their client."  Id.  In the absence of a joint venture, the courts have apportioned the fee based on quantum meruit.  Id.

Here, the plaintiffs allege on the face of their complaint that "Greenspoon Marder, P.A., acting through Jeffrey C. Fox, and others, diligently investigated Ms. Nell L. Fink's August 16, 2009 accident and resulting injuries and diligently pursued her claims against the City of New Orleans d/b/a Louis Armstrong New Orleans International Airport and Southwest Airlines Company."  The plaintiffs clearly allege active involvement in the case, and there is no indication that they were ever discharged by Fink or

otherwise relinquished responsibility to her prior to settlement. The plaintiffs allege sufficient factual matter to state plausible claims of a joint venture or quantum meruit.  Accordingly, the defendants are not entitled to dismissal of those claims.

### *C.  Tort Claims*

The defendants next contend the plaintiffs fail to state a claim in tort.  The defendants maintain that the plaintiffs fail to allege both duty and cause in fact.  Once again, the Court disagrees.

Under Louisiana law, legal responsibility in tort claims is determined under a duty/risk analysis, which requires the plaintiff to prove: (1) duty, (2) breach, (3) cause in fact, and (4) actual damages.  Becnel v. Grodner, 982 SO. 2d 891, 894 (La. App. 4 Cir. 2008).  Contrary to the defendants' contentions, the plaintiffs specifically allege both duty and cause in fact.  The original complaint states that: "The Andry Law Firm, LLC, and Gilbert V. Andry, IV owed and continues to owe Greenspoon Marder, P.A. and Jeffrey C. Cox a fiduciary duty and the duty of good faith and fair dealing, all of which the Andry Law Firm and Gilbert V. Andry, IV breached and violated to the detriment of Greenspoon Marder P.A., and Jeffrey C. Fox."  Additionally, the amended complaint states that "the Andry Defendants breached duties, standards of care, and obligations they owed to Fox/Greenspoon Marder, P.A. by engaging in a negligent pattern of acts and omissions," and then continues to

outline those acts and omissions, and specifies that "[a]s a result of these negligent acts and omissions, no portion of the contingency fee earned from the settlement of the Action was paid or tendered to Fox/Greenspoon Marder, P.A., nor was Fox/Greenspoon Marder, P.A. reimbursed for their out-of-pocket costs and expenses." The amended complaint then states a similar claim regarding intentional acts and omissions. Moreover, the defendants concede that, under Louisiana law, a duty arises through a joint venture, which this Court has already decided the plaintiffs properly allege. See McCann v. Todd, 14 So. 2d 469, 471 (La. 1943). The plaintiffs plainly allege sufficient factual matter to support their tort claims. Accordingly, those claims cannot be dismissed under Rule 12(b)(6).

### D. Open Account Claim

The defendants also contend the plaintiffs fail to state a claim on open account. The defendants maintain that the attorney's fee is clearly in dispute, is not due and payable, and that it arises out of a contractual obligation and not an open account. The defendants contend the plaintiffs claims cannot be based on an open account because the plaintiffs "do not allege that there was any line of credit" or that "any agreement between Plaintiffs and Defendants was open to future modification" or that "services were recurrently granted over a period of time." The defendants also contend the plaintiffs' claims are for a contingency fee, which is

not an open account under Louisiana law. See Jumonville v. White, 992 So. 2d 1044, 1048 (La. App. 1 Cir. 2008). The Court again disagrees.

La. R.S. 9:2781(D) provides that an "'open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. R.S. 9:2791(D). The statute further provides that an "'[o]pen account' shall include debts incurred for professional services, including but not limited to legal and medical services." Id. In their complaint, the plaintiffs allege a past-due debt for legal services. Although the plaintiffs do not allege a line of credit, expected future dealings, or multiple transactions, they are not required to do so under Louisiana law. Moreover, the plaintiffs' claims do not concern the contingency fee provision but, rather, the fee-sharing agreement. Accordingly, the defendants are not entitled to dismissal of this claim.

### E. Prescription

Finally, the defendants contend the plaintiffs' claims have prescribed. According to the defendants, this action is governed by Louisiana Civil Code article 3494, which provides a three-year prescriptive period for actions for the recovery of professional services rendered. Under article 3495, this period commences to run on the date payment became exigible, which, according to the

defendants, was the last date the plaintiffs allege they performed any services in the Fink case. See Breeden v. Winfrey, 16 So. 3d 1176, 1178 (La. App. 4 Cir. 2009). The defendants maintain that date is August 17, 2010, the date the plaintiffs allege that Fox received an email from The Andry Law Firm saying that it was not necessary for him to enroll as counsel of record and that the firm would copy him on all correspondence and pleadings. The Court rejects this contention.

Payment in this case could not have become exigible until the Fink case settled. Sanders v. Ryland, 651 So. 2d 863, 864 (La. App. 3 Cir.), *rev'd on other grounds by* 656 So. 2d 983, 984 (La. 1995). Before that date, neither party in this case was entitled to fees. The defendants' contention to the contrary is counterintuitive. Moreover, the defendants' contention that the three-year prescriptive period applies flies in the face of their earlier assertion that the plaintiffs do not allege that payment is past-due. See La. Civ. Code art. 3494. According to that earlier assertion, the ten-year prescriptive period for contracts should apply. See La. Civ. Code art. 3499 ("a personal action is subject to a liberative prescription of ten years"); Broussard, Bolton, Halcomb & Vizzier v. Williams, 796 So. 2d 791, 795 (La. App. 3 Cir. 2001) (fee dispute between two attorneys is governed by the ten-year prescriptive period for contracts). Under either prescriptive period, however, this action is timely. The defendants therefore

are not entitled to dismissal based on prescription.  See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283 (5th Cir. 1990)(Rule 12(b)(6) encompasses dismissal based on prescription).

Although the plaintiffs are prepared to again amend their complaint to include over six pages of additional specific factual allegations, the Court finds further amendment is unnecessary.  The plaintiffs already pleaded sufficient factual content to support all of their claims.[1]  Iqbal, 556 U.S. at 678.  Accordingly, the defendants' motion to dismiss under Rule 12(b)(6) is DENIED.

New Orleans, Louisiana, November 13, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1]   Quite obviously, plaintiffs have competently pleaded sufficiently to pass this first procedural hurdle.  Proof of the merits of their claims presents an entirely different issue.

-13-