UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GREENSPOON MARDER, P.A., ET AL.          CIVIL ACTION

VERSUS                                   NO. 13-5509

THE ANDRY LAW FIRM, LLC, ET AL.          SECTION: "F"

ORDER & REASONS

Before the Court is the plaintiffs' motion for summary judgment.  For the reasons that follow, the motion is DENIED.

Background

This case involves the alleged breach of a fee-sharing agreement between two attorneys in different firms.

On August 16, 2009, Nell Fink sustained catastrophic injuries when she tripped and hit her head on the jetway while attempting to board a Southwest Airlines flight from New Orleans to Los Angeles. After the accident, Fink retained Jeffrey C. Fox, an attorney who practices in Florida with the law firm of Greenspoon Marder, P.A., to represent her.  Because he is not licensed to practice law in Louisiana, Fox sought local counsel in New Orleans and eventually contacted Gibby Andry with The Andry Law Firm, LLC.  Andry agreed to act as cocounsel in Fink's case.

On August 2, 2010, Fink's daughter, Diane Schnauder, acting on behalf of Fink through a power of attorney, executed an "Attorney/Client Contract," in which she agreed to joint representation by Fox and Andry.  Fox and Andry also signed the

-1-

contract.  Although the contract provided for one 40% contingency fee, plus costs and expenses, it did not explicitly address whether or how the two attorneys would split that fee.  The plaintiffs allege that Fox and Andry orally agreed to split the contingency fee 50/50, with each entitled to reimbursement of his own costs and expenses.  As proof, they present a letter sent by Fox to Fink, the client, on August 3, 2010, in which Fox described the alleged oral agreement and advised that "only one attorney's fee will be charged" that "will be divided equally."

On August 6, 2010, Andry filed a complaint for Fink in Civil District Court for the Parish of Orleans against the City of New Orleans d/b/a Louis Armstrong New Orleans International Airport and Southwest Airlines Company.  Fox did not enroll as counsel of record in the case.  The plaintiffs allege that Andry agreed to copy Fox on all pleadings and correspondence so that Fox would not need to seek admission pro hac vice, but the defendants claim that they sent Fox a copy of the application for admission but that he declined to apply.

The plaintiffs also allege that Andry failed to keep Fox informed regarding the progress of Ms. Fink's case, failed to tell Fox that the case had settled, and withheld Fox's share of the attorney's fee plus his costs and expenses.  The plaintiffs contend that Andry's actions breached the terms of both the Attorney/Client Contract and the alleged oral fee-sharing agreement. The defendants

counter that they had no obligation under the Attorney/Client Contract to keep Fox informed of the progress of the Fink litigation, and that there was never any fee-sharing agreement.

On August 20, 2013, Fox and Greenspoon Marder filed suit against Andry and The Andry Law Firm in this Court based on diversity jurisdiction. On October 29, 2013, the defendants moved to dismiss the complaint, and on November 13, 2013, this Court denied the motion. The plaintiffs now move for summary judgment.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment

is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.  Law & Application

A.

A contract is a "legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee."  La. Civ. Code art. 1756.  "A contract is formed by consent of the parties established through offer and acceptance."  La. Civ. Code art. 1927.  In order to recover for a breach of contract under Louisiana law, the plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) that the obligor failed to perform the obligation (i.e., breach); and (3) that the breach resulted in damages to the obligee.  Favrot v.

-4-

<u>Favrot</u>, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011). Notably, "[t]he existence or nonexistence of a contract is a question of fact." <u>Sam Staub Enters., Inc. v. Chapital</u>, 88 So. 3d 690, 693 (La. App. 4 Cir. 2012).

B.

Rule 1.5(e) of the Louisiana Rules of Professional Conduct precludes "[a] division of fee between lawyers who are not at the same firm" unless three conditions are met: "(1) the client agrees in writing to the representation by all of the lawyers involved, and is advised in writing as to the share of the fee that each lawyer receive; (2) the total fee is reasonable; and (3) each lawyer renders meaningful legal services for the client in the matter."

C.

The plaintiffs seek summary judgment on the issue of liability for breach of contract. They contend that the defendants breached the Attorney/Client Contract and an oral fee-sharing agreement by failing to tender any of the attorney's fee earned when Ms. Fink's case settled. The defendants respond that disputed issues of fact precluding summary judgment exist regarding whether they breached the Attorney/Client Contract, whether they agreed to share fees, and whether the plaintiffs rendered "meaningful legal services" as required by Rule 1.5 of the Louisiana Rules of Professional Conduct. The Court is persuaded that material factual issues exist

regarding both a breach of the Attorney/Client Contract as well as the existence and propriety of any fee-sharing agreement. Although the plaintiffs argue that the Attorney/Client Contract "strongly implicates" an agreement to split fees equally, any explicit provision is conspicuously absent. And although the plaintiffs present record evidence of the alleged oral agreement, including Mr. Fox's and Ms. Schnauder's affidavits, Mr. Andry has also executed an affidavit in which he denies the existence of any such agreement.  This is a classic case of material factual disputes that cannot be resolved without weighing the evidence and assessing credibility.  Blanke v. Time, Inc., 308 F. Supp. 378, 381 (E.D. La. 1970)(in a case of conflicting affidavits, a court cannot grant summary judgment "[w]ithout observing the demeanor of witnesses, and hearing cross-examination or attempts at impeachment").[1]

Accordingly, the motion for summary judgment is DENIED.

New Orleans, Louisiana, April 28, 2014

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1]  And these lawyers ought to know that.  For either side, all lawyers, to seriously ask for summary relief is, at best, absurd.

-6-